UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 97-30757 & 97-30758
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO COLON,
also known as Jose Antonio Betancourt,

Defendant-Appellant.

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ARIAS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Western District of Louisiana
(96-CR-20028 & 96-CR-20028-004)
_____

August 4, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Ricardo Colon appeals his conviction for conspiracy to distribute cocaine, possession with intent to distribute cocaine, and interstate travel in aid of illegal activity. Sergio Arias, who pleaded guilty to conspiracy to distribute cocaine, appeals only his sentence. Both Appellants were involved in a conspiracy to transport cocaine from Houston, Texas, to Memphis, Tennessee. As their offenses arise out of the same course of conduct, our court granted the Government's motion to consolidate their appeals.

Colon contends that the district court erred by denying his motion for mistrial, following an FBI agent's improper, nonresponsive testimony in which he attributed several murders to members of the organization with whom Colon had conspired. After the district court denied Colon's motion for a mistrial, the Government clarified that there were no murder charges against Colon and instructed the agent to refrain from making any further comments on the subject.

We review a district court's refusal to grant a mistrial for abuse of discretion. *United States v. Layne*, 43 F.3d 127, 134 (5th Cir.), *cert. denied*, 514 U.S. 1077 (1995). "Where, as here, the motion for a mistrial involves the presentation of prejudicial testimony before the jury, a new trial is required only if there is a significant possibility that the prejudicial evidence had a substantial impact upon the jury verdict, viewed in light of the entire record." *Id*. (internal quotation marks and citation

omitted).  Considering the Government's curative statements in open court immediately following the nonresponsive answer, and in the light of the abundant evidence of Colon's guilt, it is unlikely that the improper testimony had a substantial impact on the jury's verdict.  Accordingly, the district court did not abuse its discretion by denying Colon's motion for mistrial.

Guidelines' § 5C1.2 requires the district court to sentence a defendant according to applicable guidelines without regard to a statutory minimum sentence, if the five criteria for its application are satisfied.  Arias contends that the district court erred by finding that he had not met the fifth eligibility requirement for application of § 5C1.2 ("not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan").  Although Arias also contends that the district court mistakenly believed that it had no authority to apply § 5C1.2, and that it failed to present any reasons for refusing to apply § 5C1.2, neither of those contentions has merit.  The record reflects that the district court was aware of its authority to apply § 5C1.2 if Arias met all of the eligibility requirements, and the court stated reasons for refusing to apply it.

We review the district court's refusal to apply § 5C1.2 for clear error. **United States v. Flanagan**, 80 F.3d 143, 145 (5th Cir. 1996). The district court's finding was based on Arias' testimony at Colon's trial that Colon had not been involved in the conspiracy. In the light of the jury verdict convicting Colon and the great weight of evidence directly contradicting Arias' testimony, the district court did not clearly err by finding that Arias had not given truthful information to the Government regarding his offense and was, therefore, ineligible for application of § 5C1.2. *See* **United States v. Edwards**, 65 F.3d 430, 433 (5th Cir. 1995). The contention that § 5C1.2 could not be applied because the district court did not impose an upward adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, also fails.

*AFFIRMED*